DLD-274                                                NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-2033
_____

KEITH DAVIS,
                                    Appellant

v.

ANTHONY E. EBERLING; LT. HOUSE; CAPTAIN JOHN DOE; J. THOMAS;
HEARING EXAMINER S. ELLENBERGER; L. OLIVER DEPUTY
SUPERINTENDENT; KEVIN KAUFFMAN SUPERINTENDENT; JOSEPH H.
DUPONT, CHIEF HEARING EXAMINER
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(M.D. Pa. Civil No. 3:18-cv-00314)
District Judge:  Honorable Richard P. Conaboy
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
July 26, 2018
Before:  JORDAN, SHWARTZ, and KRAUSE, Circuit Judges

(Opinion filed:  July 31, 2018)
_____

OPINION[*]
_____

PER CURIAM

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Pro se appellant Keith Davis, proceeding in forma pauperis, appeals from the District Court's dismissal of his claims against numerous defendants in a civil rights action brought pursuant to 42 U.S.C. § 1983. For the reasons that follow, we will summarily affirm the District Court's judgment with one modification.

I.

Because we write primarily for the parties, we will recite only the facts necessary for our discussion. At the time relevant to his claims, Davis was incarcerated at the State Correctional Institution in Huntingdon, Pennsylvania.[1] Davis alleges the following account in his complaint. Lieutenant Anthony Eberling issued a misconduct report involving Davis on April 10, 2017. The report states that Davis passed a knife to another prisoner, Harris, and then stood by while Harris stabbed another prisoner as they were waiting in a line. Lieutenant House participated in the investigation leading to the issuance of the misconduct report.

Hearing Examiner Ellenberger held a disciplinary hearing on the misconduct charges on April 13, 2017. Davis contended that he was not involved with the stabbing and requested that the hearing examiner review video footage from that day; he also requested the presence of three witnesses to testify on his behalf. The hearing examiner concluded after reviewing video footage that Davis had passed a knife to Harris and then watched as Harris stabbed another prisoner. The examiner did not allow any of Davis' requested witnesses to testify because the video footage sufficiently supported the

_____

[1] Davis is presently incarcerated at the State Correctional Institution in Houtzdale, Pennsylvania.

2

allegations against Davis. Davis was sanctioned to 135 days in disciplinary confinement.

Davis appealed the guilty finding through the prison administrative appeal process. A Program Review Committee, Superintendent Kevin Kauffman, and finally Chief Hearing Examiner Joseph Dupont denied all of Davis' appeals. The Program Review Committee included Deputy Superintendents Oliver and Thomas.

In early 2018, Davis filed a complaint in the District Court seeking relief pursuant to 42 U.S.C. § 1983 against defendants Eberling, House, Ellenberger, Oliver, Thomas, Kauffman, Dupont, and Captain Harris.[2] Davis claims that his due process rights were violated during his hearing because the hearing examiner denied his request to present his witnesses and supposedly failed to review the video footage of the incident. Davis insists that he would not have been found guilty if the hearing examiner had viewed the video footage and maintains that his administrative appeals were wrongly denied. Additionally, Davis maintains that he was denied access to the courts because he was given inadequate time and materials to conduct research for his state post-conviction proceedings and insufficient time to consult with his attorney in those proceedings while he was in disciplinary confinement.

The District Court screened Davis' complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and dismissed all of his claims as frivolous. Davis timely appealed.

II.

---

[2] It appears that Captain Harris reviewed a decision to place Davis into administrative confinement at the completion of his disciplinary confinement term in order to protect him. Davis includes no factual allegations about Harris in his complaint; this information is available only in a prison report that Davis attached to his complaint.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291.[3] We exercise plenary review over the District Court's dismissal of Davis' complaint as frivolous. See Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999). We review the District Court's denial of Davis' request for appointment of counsel for abuse of discretion. See Tabron v. Grace, 6 F.3d 147, 158 (3d Cir. 1993). We may summarily affirm a district court's decision "on any basis supported by the record" if the appeal fails to present a substantial question. See Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam).

III.

The District Court properly dismissed all of Davis' claims. First, Davis failed to state a due process claim against defendants Eberling, House, and Ellenberger regarding their involvement in his disciplinary hearing because he was not deprived of a legally cognizable liberty interest when he was placed in disciplinary confinement. A prisoner can identify a cognizable liberty interest if a punishment "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484 (1995). "In deciding whether a protected liberty interest exists[,] . . . we consider the duration of the disciplinary confinement and the conditions of that confinement in relation to other prison conditions." Mitchell v. Horn, 318 F.3d 523, 532 (3d Cir. 2003).

---

[3] Although the District Court dismissed Davis' complaint without prejudice, because Davis cannot cure the deficiencies in his complaint, as discussed below, the District Court's order is final within the meaning of 28 U.S.C. § 1291. See Borelli v. City of Reading, 532 F.2d 950, 951-52 (3d Cir. 1976).

Davis has not identified a protected liberty interest. He does not allege that any conditions of his 135-day confinement in disciplinary custody involved an atypical and significant hardship. This Court has held that significantly longer stays in restrictive confinement did not implicate a prisoner's liberty interests under otherwise similar circumstances. See Smith v. Mensinger, 293 F.3d 641, 654 (3d Cir. 2002) (concluding that seven months in disciplinary confinement alone did not violate a prisoner's liberty interest); Griffin v. Vaughn, 112 F.3d 703, 708 (3d Cir. 1997) (same for fifteen months in administrative custody). To the extent that Davis alleged due process claims against Oliver, Thomas, Kauffman, and Dupont for their handling of his grievances and appeals, those too fail because access to prison grievance procedures is not constitutionally required. See Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001) ("[T]he existence of a prison grievance procedure confers no liberty interest on a prisoner."). Therefore, Davis' due process claims were all correctly dismissed.

Davis' only remaining claims, that he was denied access to the courts by seemingly all defendants, also lack merit. Although Davis contends that he had difficulty conducting sufficient research or getting enough time to speak with his post-conviction attorney due to his placement in disciplinary confinement, he does not allege that any defendant had a role in any incident where he sought and was denied research time or telephone access. Thus, they lacked personal involvement in any underlying civil rights

violation.[4]  See Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988) ("A defendant in a civil rights action must have personal involvement in the alleged wrongs.").

Finally, to the extent that the District Court dismissed Davis' complaint without prejudice after it additionally held that Davis' claims were barred by the favorable termination rule in Heck v. Humphrey, 512 U.S. 477, 486-87 (1994), we will modify the judgment to be a dismissal with prejudice.  The favorable termination rule in Heck applies only where prison disciplinary outcomes implicate the fact or duration of a prisoner's confinement; here, the discipline imposed on Davis had no bearing on his underlying conviction or the duration of his sentence.  See Muhammad v. Close, 540 U.S. 749, 751 (2004) ("Heck's requirement to resort to state litigation and federal habeas before § 1983 is not . . . implicated by a prisoner's challenge that threatens no consequence for his conviction or the duration of his sentence.").  Accordingly, Davis' claims should be dismissed with prejudice, as they lack legal merit and cannot be salvaged through amendment.  See Shane v. Fauver, 213 F.3d 113, 115 (3d Cir. 2000). In all other respects, we will summarily affirm the dismissal of Davis' claims.

_____

[4]  Because Davis' claims lack arguable merit, the District Court did not err in denying his motion for appointment of counsel.  See Tabron, 6 F.3d at 158.  We deny his present motion for appointment of counsel for the same reason.

6